J-S29009-22
J-S29010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BLAZIE WILLIAM SYPIN, III | : | |
| | : | |
| Appellant | : | No. 149 WDA 2022 |

Appeal from the Judgment of Sentence Entered December 30, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001129-2021,
CP-25-CR-0001185-2021, CP-25-CR-0001967-2020,
CP-25-CR-0002535-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BLAZIE WILLIAM SYPIN | : | |
| | : | |
| Appellant | : | No. 348 WDA 2022 |

Appeal from the Judgment of Sentence Entered December 30, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001967-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BLAZIE WILLIAM SYPIN, III | : | |
| | : | |
| Appellant | : | No. 349 WDA 2022 |

Appeal from the Judgment of Sentence Entered December 30, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001129-2021

J-S29009-22
J-S29010-22

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| BLAZIE WILLIAM SYPIN | : | |
| Appellant | : | No. 350 WDA 2022 |

Appeal from the Judgment of Sentence Entered December 30, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001185-2021

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| BLAZE WILLIAM SYPIN III | : | |
| Appellant | : | No. 351 WDA 2022 |

Appeal from the Judgment of Sentence Entered December 30, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002535-2020

BEFORE: PANELLA, P.J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED: November 7, 2022**

Blaze William Sypin III[1] appeals from the judgments of sentence

following his guilty plea in four separate cases to two counts each of

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] We note that the various trial court dockets spell Sypin's name in three distinct ways (Blazie William Sypin III, Blazie William Sypin, and Blaze William Sypin). However, counsel spelled the name consistently as "Blazie William Sypin III" in her filings. We will spell Appellant's name in accordance with the spelling consistently utilized by counsel.

- 2 -

possession with intent to deliver and firearms not to be carried without a license, and one count each of recklessly endangering another person, possession of drug paraphernalia, disorderly conduct, and criminal use of a communication facility.[2] Additionally, Attorney Fiscus has filed a brief pursuant *Anders v. California*, 386 U.S. 738 (1967), and a petition to withdraw from representation. We grant Attorney Fiscus's petition to withdraw and affirm the judgments of sentence.

Here, the Commonwealth charged Sypin with numerous crimes arising out of four separate cases. Specifically, on August 10, 2020, police officers found Sypin in a parked vehicle on the street while under the influence of a

---

[2] We note that Sypin's counsel, Jessica A. Fiscus, Esquire, initially filed a single timely notice of appeal—149 WDA 2022—on February 3, 2022, which listed all four trial court docket numbers in violation of *Commonwealth v. Walker*, 185 A.3d 969, 977 (Pa. 2018) (holding that separate appeals must be filed at each docket being appealed). However, on March 2, 2022, Attorney Fiscus filed a "Petition to File Amended Notices of Appeal." Specifically, Attorney Fiscus cited to *Commonwealth v. Young*, 265 A.3d 462, 477 (Pa. 2021) (holding that Pa.R.A.P. 341 "requires that when a single order resolves issues arising on more than one docket, separate notices of appeal must be filed from that order at each docket; but, where a timely appeal is erroneously filed at only one docket, [Pa.R.A.P.] 902 permits the appellate court, in its discretion, to allow correction of the error, where appropriate."). This Court granted Attorney Fiscus's petition and remanded the matter to the trial court to allow Attorney Fiscus to file four amended notices of appeal. *See Commonwealth v. Sypin*, 149 WDA 2022 (Pa. Super. filed Mar. 14, 2022) (*per curiam*). Attorney Fiscus then filed four separate notices of appeal for each of the dockets. Notably, this Court retained the initial timely appeal at 149 WDA 2022, and thereafter, consolidated the five appeals. Because Attorney Fiscus complied with *Walker* and *Young*, we may proceed to examine the substance of the appeals.

controlled substance. Upon searching the vehicle, officers found a large amount of crystal methamphetamine and a loaded semi-automatic pistol.

Next, on August 19, 2020, Sypin fired a gunshot at another vehicle. After police stopped Sypin's vehicle, they found, *inter alia*, a handgun, two crack pipes and baggies containing crystal methamphetamine.

Then, on November 16, 2020, Sypin grabbed a woman by the face and slammed her against a wall. Finally, on January 7, 2021, Sypin sold methamphetamine to a confidential informant.

On October 4, 2021, Sypin entered a negotiated guilty plea in the four cases to two counts each of possession of crystal methamphetamine with intent to deliver and firearms not to be carried without a license, and one count each of recklessly endangering another person, possession of drug paraphernalia, disorderly conduct, and criminal use of a communication facility, in exchange for the Commonwealth dismissing the remaining charges. Relevantly, Sypin and the Commonwealth did not agree to a sentence as part of the plea agreement. On December 30, 2021, the trial court sentenced Sypin to an aggregate prison term of 75 to 150 months. More specifically, the trial court imposed standard range sentences for each of the convictions and ordered two of the sentences to be served consecutively to the remaining sentences, which were to be served concurrently.

Sypin filed a motion for reconsideration of the sentence, seeking a county-level sentence or a lesser state prison sentence. The trial court denied

the motion. Attorney Fiscus filed a timely notice of appeal on Sypin's behalf and a statement of intent to file an **Anders** brief in lieu of a statement of errors complained of on appeal.

On appeal, Attorney Fiscus has filed an **Anders** brief, asserting the following questions for our review:

1. Did [Sypin] enter knowing, voluntary, and intelligent guilty pleas at all four dockets where [Sypin] had viable defenses to the charged offenses, his counsel talked him into taking the pleas, he did not agree with the factual basis of some of the pleas, his counsel was inadequately prepared and refused to investigate, and his counsel ignored his request to withdraw the plea?

2. Did the trial court commit an abuse of discretion when it imposed [Sypin's] sentence given the many mitigating factors outlined by counsel at the time of sentencing?

**Anders** Brief at 12. Attorney Fiscus also filed a petition to withdraw as counsel with this Court on June 15, 2022. Sypin filed neither a *pro se* brief, nor retained alternate counsel.

We must first determine whether Attorney Fiscus has complied with the dictates of **Anders** in petitioning to withdraw from representation. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (stating that "[w]hen faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." (citation omitted)). Pursuant to **Anders**, when an attorney believes that an appeal is frivolous and wishes to withdraw as counsel, he or she must

- 5 -

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention.

***Commonwealth v. Burwell***, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citations omitted).

Additionally, the Pennsylvania Supreme Court has determined that a proper ***Anders*** brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

Here, Attorney Fiscus has complied with the requirements set forth in ***Anders*** by indicating that she conscientiously examined the record and determined that an appeal would be frivolous. Further, Attorney Fiscus's ***Anders*** Brief meets the standards set forth in ***Santiago***, by setting forth her conclusions that Sypin's plea was knowingly entered, the trial court did not abuse its discretion in imposing Sypin's sentence, and Sypin's sentences were

not illegal, rendering Sypin's appeal wholly frivolous.[3] Finally, Attorney Fiscus provided a letter to Sypin, informing him of her intention to withdraw as counsel, and advising Sypin of his rights to retain new counsel, proceed *pro se*, and file additional claims. Because Attorney Fiscus has complied with the procedural requirements for withdrawing from representation, we will independently review the record to determine whether Sypin's appeal is, in fact, wholly frivolous. ***See Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (stating that once an appellate court determines that counsel's petition and brief satisfy ***Anders***, the court must then conduct its own review of the appeal to determine if it is wholly frivolous).

In his first claim, Sypin argues that his plea was involuntarily entered. ***See Anders*** Brief at 18.[4] Specifically, Sypin argues that he did not agree with the factual basis of the charges at the plea hearing and suggests that he had viable defenses and that he was innocent. ***See id.*** Sypin also claims that

_____

[3] We note Attorney Fiscus points out that when Sypin pled guilty, he waived his defenses except for lack of jurisdiction, invalid guilty plea, and illegal sentence. ***See Anders*** Brief at 19.

[4] We note Sypin did not preserve his challenge to the validity of the guilty plea during the plea colloquy or in a post-sentence motion. ***See Commonwealth v. Lincoln***, 72 A.3d 606, 609-10 (Pa. Super. 2013) (stating that "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing" (citation omitted)). Although the mere filing of an ***Anders*** brief and petition to withdraw will not serve to resuscitate claims that were not properly preserved in the trial court, ***see Commonwealth v. Cox***, 231 A.3d 1011, 1016 (Pa. Super. 2020), we will address the instant claim to determine whether the appeal is wholly frivolous.

counsel induced him to enter the plea by making certain representations about the sentence that he would receive, for failing to make certain arguments at the suppression hearing, failing to properly investigate the cases by obtaining text messages, videos and talking to witnesses, and ignoring his request to withdraw after the imposition of a higher than anticipated sentence. ***See id.***

> Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily[,] and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice." A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence imposed does not constitute "manifest injustice."

***Commonwealth v. Bedell***, 954 A.2d 1209, 1212 (Pa. Super. 2008) (citation omitted).

To ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

2) Is there a factual basis for the plea?

3) Does the defendant understand that he or she has the right to a trial by jury?

4) Does the defendant understand that he or she is presumed innocent until found guilty?

5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id.* (citation omitted); *see also* Pa.R.Crim.P. 590, cmt.

> The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences. Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. In determining whether a guilty plea was entered knowingly and voluntarily, a court is free to consider the totality of the circumstances surrounding the plea. Furthermore, nothing in the rule precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings.

*Bedell*, 954 A.2d at 1212-13 (citations, quotation marks, and ellipses omitted).

During his oral and written guilty plea colloquies, Sypin understood the nature and elements of the charges, and admitted to committing the crimes. *See* Written Guilty Plea Colloquy, 10/4/21, at 1; N.T., 10/4/21, at 9-16. Sypin acknowledged that he was pleading guilty to the above crimes in exchange for the Commonwealth dismissing the remaining the charges. *See* Written Guilty Plea Colloquy, 10/4/21, at 1; N.T., 10/4/21, at 9, 11. Sypin also confirmed that he understood the plea deal and the rights he was foregoing by pleading guilty, including the presumption of innocence and the right to a jury trial. *See* Written Guilty Plea Colloquy, 10/4/21, at 1; N.T., 10/4/21, at 5. Moreover, Sypin stated that he understood the permissible range of sentences and fines and recognized that the judge did not have to accept the plea

agreement. *See* Written Guilty Plea Colloquy, 10/4/21, at 1; N.T., 10/4/21, at 5-6. Additionally, Sypin indicated that no one had forced or threatened him to plead guilty and that he willingly entered the plea. *See* Written Guilty Plea Colloquy, 10/4/21, at 1; N.T., 10/4/21, at 16. Thereafter, the trial court accepted the plea as knowingly entered. *See* N.T., 10/4/21, at 16.

Based upon the evidence in the record, Sypin knowingly and voluntarily entered the guilty plea. *See Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa. Super. 2018) (stating that a defendant is bound by his statements at his plea colloquy and may not assert grounds for withdrawing the plea that contradict statements made when he entered the plea). Sypin's disappointment in the sentence imposed does not establish the entry of an unknowing plea. *See Bedell*, 954 A.2d at 1212. Therefore, Sypin has not demonstrated prejudice on the order of manifest injustice to justify withdrawing his guilty plea. Furthermore, to the extent Sypin argues that his plea counsel was ineffective for inducing the guilty plea, we conclude that such claims are premature and that Sypin may raise the claims in a timely filed Post Conviction Relief Act petition. *See Commonwealth v. Holmes*, 79 A.3d 562, 563 (Pa. 2013).[5] Based upon the foregoing, Sypin's claim is frivolous.

_____

[5] While reaffirming the general rule that ineffectiveness claims may only be raised on collateral review, our Supreme Court created two recognized exceptions, which are within the trial court's discretion: (1) "a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the

*(Footnote Continued Next Page)*

Next, Sypin claims that the trial court abused its discretion in imposing an excessive sentence without properly considering mitigating factors. ***See Anders*** Brief at 21. Sypin argues that the trial court should have imposed a county prison sentence or a shorter state prison sentence. ***See id.*** at 22. Sypin highlights that his prior record score of five was due to a juvenile adjudication; his prior felony conviction occurred in 2014; his prior misdemeanors and instant offenses primarily stem from drug and alcohol abuse; he does not have a history of violence; and he attended drug and alcohol groups while in prison. ***See id.***

Sypin challenges the discretionary aspects of his sentence.[6] "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue, this Court conducts

> a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3)

_____

interests of justice[,]" and (2) "where the defendant seeks to litigate multiple or prolix claims of counsel ineffectiveness, including non-record based claims, on post-verdict motions and direct appeal" but only where good cause is shown and post-conviction review of the claim has already been waived. ***Holmes***, 79 A.3d at 563-64. Neither of these exceptions are applicable in the instant case.

[6] We note that when a defendant enters an open guilty plea, he may challenge the discretionary aspects of the sentence imposed. ***See Commonwealth v. Brown***, 240 A.3d 970, 972 (Pa. Super. 2020).

- 11 -

whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (citation and brackets omitted).

In the instant case, Sypin filed a timely appeal and preserved his claim in his motion for reconsideration. Although we note the absence of the requisite Pa.R.A.P. 2119(f) statement in the **Anders** Brief, "[w]here counsel files an **Anders** brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether [Sypin's] issue is frivolous." **Commonwealth v. Zeigler**, 112 A.3d 656, 661 (Pa. Super. 2015) (citations omitted).

Sypin's claim that the trial court erred in imposing an excessive sentence without properly considering certain mitigating factors raises a substantial question. **See Commonwealth v. Caldwell**, 117 A.3d 763, 770 (Pa. Super. 2015) (concluding that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." (citation omitted)).

Our standard of review of a challenge to the discretionary aspects of a sentence is well settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that

- 12 -

the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Watson*, 228 A.3d 928, 936-37 (Pa. Super. 2020) (citation omitted).

Here, the trial court was apprised of Sypin's age and family, his education level, his employment status, and his long history of drug and alcohol abuse. *See* N.T., 12/30/21, at 4-5, 9, 12. Moreover, Sypin's counsel informed the trial court that Sypin was in a drug and alcohol program in prison. *See id.* at 8. The trial court also had the benefit of the presentence investigation report. *See id.* at 12. The trial court then imposed the standard-range sentences. *See id.* at 12-14; *see also id.* at 14 (noting that Sypin was ineligible for RRRI due to his prior record and his history of violent behavior).

The record demonstrates the trial court considered the presentence investigation report, which establishes that it was aware of relevant information regarding Sypin's character and mitigating factors, as well as relevant sentencing factors, in imposing the sentence. *See Watson*, 228 A.3d at 936 (stating that where the trial court is informed by a presentence investigation report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed). Furthermore, it was within the trial court's discretion to impose some of Sypin's sentences consecutively. *See Commonwealth v. Radecki*, 180 A.3d 441, 470 (Pa. Super. 2018)

- 13 -

("Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences" (citation omitted)). Accordingly, the trial court did not abuse its discretion in imposing the sentence, nor did the trial court arrive at a manifestly unreasonable decision. *See Watson*, 228 A.3d at 936. Finally, our independent review discloses no other sentencing claims, or additional non-frivolous issues, that Sypin could raise on appeal.[7]

As we cannot find any additional meritorious issues in the record, and we agree with Attorney Fiscus that Sypin's appeal is frivolous, we grant her petition for leave to withdraw from representation.

Judgments of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/7/2022

---

[7] Attorney Fiscus notes that Sypin's sentences were legal. *See Anders* Brief at 23-24. We agree and conclude that Sypin's sentences were legal. *See* Trial Court Opinion, 2/14/22, at 4.